LEON COUNTY, FLORIDA,
et al., Plaintiffs,

v.

FEDERAL HOUSING FINANCE
AGENCY, etc., et al.,
Defendants.

Case No. 4:10CV436–RH/WCS.

United States District Court,
N.D. Florida,
Tallahassee Division.

Sept. 30, 2011.

Edwin Andrew Steinmeyer, Lewis Longman & Walker PA, Tallahassee, FL, Erin Lee Deady, Erin L. Deady PA, Lantana, FL, for Plaintiff.

Howard Neil Cayne, Arnold & Porter LLP, Washington DC, for Defendant.

### ORDER OF DISMISSAL

ROBERT L. HINKLE, District Judge.

This case presents a challenge to action of the Federal Housing Finance Agency. The Agency has duties both as a regulator and as a conservator of other entities. A court may enjoin unlawful acts undertaken by the Agency as a regulator. But a court may not "take any action to restrain or affect the exercise of powers or functions of the Agency as a conservator." 12 U.S.C. § 4617(f). The issue now pending is whether the Agency took the challenged action in its capacity as a conservator. The answer is yes. This order grants the defendants' motion to dismiss.

I

The Federal Housing Finance Agency ("FHFA") is a federal agency that has duties both as a regulator and, since 2008, as the conservator of the Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporation ("Freddie Mac")—entities that this order refers to as "the Enterprises." The

Enterprises have acquired and now hold more than five trillion dollars in real estate mortgages or related assets.

A Property Assessed Clean Energy or "PACE" program allows a state or local government to provide funding for a home improvement that increases energy efficiency. An entity that provides funding takes a lien on the property to secure repayment. In some states, including Florida, the lien takes priority over an existing mortgage. Leon County, Florida ("the County") created the Leon County Energy Improvement District ("the District") to operate a PACE program sometimes referred to as the Leon County Energy Assistance Program or "LEAP."

FHFA has imposed restrictions on the Enterprises' acquisition of mortgages that are subordinate to PACE liens. The County and the District assert the restrictions will sound the death knell of LEAP. They have sued the FHFA and the Enterprises seeking injunctive and declaratory relief on the ground that the restrictions are both substantively and procedurally invalid. The plaintiffs assert claims under the Administrative Procedure Act, the Tenth Amendment, and the Florida Deceptive and Unfair Trade Practices Act.

The defendants have moved to dismiss on various grounds including the limit on the court's authority imposed by § 4617(f).

## II

The Housing and Economic Recovery Act of 2008 adopted provisions intended to address the severe downturn in the housing market. The Act included an explicit limitation on a court's ability to review actions of FHFA in its capacity as a conservator: a court may not "take any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator." 12 U.S.C. § 4617(f). Under the statute's plain terms, the plaintiffs' claims fail if FHFA imposed the PACE restrictions in its capacity "as a conservator." But the plaintiffs assert that FHFA acted only as a regulator, not as a conservator.

## III

FHFA's regulatory authority extends not only to the Enterprises but also to Federal Home Loan Banks. As a regulator, FHFA may, through its Director, "issue any regulations, guidelines, or orders necessary" to carry out its duties. 12 U.S.C. § 4526(a). The "principal" duties are these:

(A) to oversee the prudential operations of each regulated entity; and

(B) to ensure that—

(i) each regulated entity operates in a safe and sound manner, including maintenance of adequate capital and internal controls;

(ii) the operations and activities of each regulated entity foster liquid, efficient, competitive, and resilient national housing finance markets (including activities relating to mortgages on housing for low- and moderate-income families involving a reasonable economic return that may be less than the return earned on other activities);

(iii) each regulated entity complies with this chapter and the rules, regulations, guidelines, and orders issued under this chapter and the authorizing statutes;

(iv) each regulated entity carries out its statutory mission only through activities that are authorized under and consistent with this chapter and the authorizing statutes; and

(v) the activities of each regulated entity and the manner in which such

regulated entity is operated are consistent with the public interest.

12 U.S.C. § 4513(a)(1).

The duties are easily broad enough to include restricting a regulated entity's purchase of PACE-encumbered mortgages. When a homeowner fails to pay a mortgage, the mortgagee's ability to recover may depend on the proceeds of a foreclosure sale or other disposition of the property. Unless a PACE improvement always increases the proceeds enough to cover the corresponding PACE lien—a proposition that defies common sense—the mortgagee's recovery may be less than it would have been without the PACE improvement and lien. One could argue both sides of the questions whether the regulated entities should nonetheless purchase mortgages that are subordinate to PACE liens and on what terms. This is the kind of thing FHFA properly may address in its role as regulator.

## IV

On September 6, 2008, FHFA placed the Enterprises in conservatorship "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, the FHFA has the statutory power to:

take such action as may be—

(i) necessary to put the regulated entity in a sound and solvent condition; and

(ii) appropriate to carry on the business of the regulated entity and preserve and conserve the assets and property of the regulated entity.

12 U.S.C. § 4617(b)(2)(D).

These powers are easily broad enough to include restricting an entity-in-conservatorship's purchase of PACE-encumbered mortgages. A conservator's role is not only to maximize the value of or liquidate existing assets. To the contrary, a conservator's role includes carrying on the entity's business, precisely as § 4617(b)(2)(D)(ii) explicitly provides. The ongoing business of the Enterprises includes acquiring mortgages. One could argue both sides of the questions whether the Enterprises should continue to purchase mortgages that are subordinate to PACE liens, and on what terms. This is the kind of thing FHFA properly may address in its role as conservator.

## V

FHFA took its first challenged action in a statement issued on July 6, 2010. The statement directed the Enterprises and the Federal Home Loan Banks to take specific actions with respect to mortgages that were subordinate to PACE loans. The plaintiffs assert this was action of FHFA as regulator only, not as conservator.

FHFA was not and is not the conservator of the Federal Home Loan Banks. The inclusion of the Banks in the July 6 statement thus made clear that FHFA issued the statement at least partly in its role as regulator. That does not mean, however, that FHFA did not also act in its role as conservator of the Enterprises. The assertion that an entity cannot act simultaneously in more than one capacity is plainly wrong.

Moreover, FHFA later explicitly took the same action in its role as conservator. On February 28, 2011, FHFA issued a letter to the Enterprises that in effect adopted the July 6 statement as that of the conservator—if indeed it was not already a statement of the conservator—and directing the Enterprises to continue the actions they took in response to the July 6 statement. Whatever might have been said of the July 6 statement as an original matter, the February 28 letter makes clear that FHFA now has taken the same action in its role as a conservator.

The plaintiffs say the February 28 letter sets out only FHFA's litigating position and should be given no weight. It is true, of course, that an agency's litigating position sometimes is entitled to no more weight than the opinion of any other party to a lawsuit. But there is no legal principle under which an action once taken by FHFA in its capacity as regulator can never thereafter be taken by FHFA in its capacity as conservator. To the contrary, it is altogether fitting for FHFA, when acting as conservator, to abide by any governing statutes, rules, and lawful directives of FHFA as regulator.

Moreover, the plaintiffs' contention that the February 28 letter should be disregarded as a mere litigating position is itself a challenge to the validity of an action that FHFA explicitly took as a conservator. A court is no more authorized to review the conservator's action on this basis than on any other. Congress surely knew, when it enacted § 4617(f), that challenges to agency action sometimes assert an improper motive. But Congress barred judicial review of the conservator's actions without making an exception for actions said to be taken from an improper motive.

So the February 28 letter, if not also the July 6 statement, is an action of the conservator that, under § 4617(f), the court cannot "restrain or affect." So long as the February 28 letter remains in effect, none of the other harms alleged by the plaintiffs will be redressable. If the defendants' actions were indeed unconstitutional—if they impinged on Tenth Amendment rights—additional issues might be presented. But they do not. The plaintiffs' claims must be dismissed.

## VI

This result draws support from two of the three district court decisions that have addressed analogous challenges to the same FHFA actions at issue here. The Eastern District of New York dismissed a challenge, saying:

> FHFA was, in fact, at all times, the conservator and regulator of Fannie Mae and Freddie Mac. The court is unwilling, and indeed, cannot imagine how, it would venture to parse certain actions as regulatory in nature, and others pursuant to FHFA's duties as conservator. This is especially true where, as here, the challenged conduct of FHFA is broad action addressed to a potentially nationwide issue affecting the safety and soundness of [the Enterprises] that it oversees. In sum, there is no question that the acts sought to be nullified here were undertaken pursuant to FHFA's broad and important statutory charge as conservator of [the Enterprises].

*Town of Babylon v. Fed. Hous. Fin. Agency*, 790 F.Supp.2d 47, 54 (E.D.N.Y.2011) (available at ECF No. 45–1). Similarly, the Southern District of New York dismissed a challenge, saying:

> The NRDC [argues] that the Letter was not a proper exercise of the FHFA's conservatorship powers. I disagree. Under [the Housing and Economic Recovery of 2008], the FHFA has the authority to preserve and conserve the assets of the Enterprises, as well as take any action to put the Enterprises in a sound and solvent condition. The Letter attempts to do just that by directing the Enterprises to continue to refrain from purchasing mortgage loans that the FHFA has determined are not in the Enterprises' best interest to purchase. Accordingly, the Letter is a legitimate exercise of the FHFA's powers as conservator to preserve and conserve the assets of the Enterprises.

*Natural Res. Def. Council, Inc. v. Fed. Hous. Fin. Agency*, 815 F.Supp.2d 630, 641–42, No. 10 Civ. 7647(SAS), 2011 WL 2471026, at *7 (S.D.N.Y. June 17, 2011)

(available at ECF No. 48–1). There is a contrary decision, *California ex rel. Harris v. Federal Housing Finance Agency*, No. C 10–03084 CW, 2011 WL 3794942 (N.D.Cal. Aug. 26, 2011) (available at ECF No. 57–1), but the New York decisions have the better of it.

## VII

For these reasons,

IT IS ORDERED:

The motion to dismiss, ECF No. 32, is GRANTED. The clerk must enter judgment stating, "The complaint is dismissed with prejudice." The clerk must close the file.